IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED MAY 11 2015 CLERK, U.S. DISTRICT COURT RICHMOND, VA

**HENRY RAY DUCAN, II,**

    Plaintiff,

v.                                        Civil Action No. **3:12CV482**

**HAROLD CLARKE,** *et al.,*

    Defendants.

### MEMORANDUM OPINION

Henry Ray Duncan, II, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on January 6, 2015, this Court granted Defendants' Motion for Summary Judgment and dismissed the action with prejudice because Duncan failed to exhaust his remedies. *Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D Va. Jan. 6, 2015).

On January 23, 2015, the Court received from Duncan a host of post-judgment motions and filings, including: (1) a "MOTION TO STAY NOTICE OF APPEAL" until the resolution of his pending motions ("Motion to Stay," ECF No. 49); (2) a "MOTION TO AMEND OR SUPPLEMENT THE RECORD . . . PURSUANT TO Fed. R. Civ. 15(b) AND OR (c)" ("Rule 15 Motion," ECF No. 50) with no attached amended complaint; (3) a "MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. RULE 59(e)" ("Rule 59(e) Motion," ECF No. 52); and (4) a supporting Memorandum of Law ("Memorandum in Support of Rule 59(e) Motion," ECF Nos. 53) with a variety of attachments including sworn versions of his prior submissions (ECF No. 53–2).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

"'[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (alteration in original) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)). Accordingly, when a party seeks to amend his complaint after judgment has been entered, he must satisfy Rule 59(e) before being permitted to amend under Rule 15(a). *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("Rule 15(a) and Rule 59(e) motions rise and fall together."). Leave to amend under Rule 15(a) "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citation omitted). Defendants have noted their objections and oppose Duncan's Rule 15 Motion and Rule 59(e) Motion. As explained below, Duncan seeks to amend on bases not encompassed by Rule 15 and, thus, his motion defies any straightforward legal analysis. The Court denies Duncan's Rule 15 Motion for several reasons.

In his Rule 15 Motion, Duncan seeks to amend under Federal Rule of Civil Procedure 15(b), which governs "Amendments During and After Trial," and Federal Rule of Civil Procedure 15(c) which governs the relation-back of potentially untimely amendments. Fed. R. Civ. P. 15(b), 15(c). Duncan's action has been dismissed. The Court fails to discern, and Duncan fails to allege how either section entitles him to the post-judgment relief he now seeks.

In his motion, Duncan moves to "amend or supplement the record." (Rule 15 Mot. 1.) Duncan requests "that he be allowed to amend his unsworn Complaint and unsworn Brief in Opposition . . . his affidavit . . . and grievances that were submitted . . . as the failure to do so was an invertent [sic] act not done in bad faith . . . ." (Mem. Supp. Rule 15 Mot. 1.) Duncan seemingly wishes to "amend" by refiling these documents after swearing to their contents under penalty of perjury. (*Id.* at 2.) Duncan resubmitted his "Response to Answer," "Motion in Opposition to Motion for Summary Judgment," "Brief in Opposition to Motion For Summary Judgment," and his "Affidavit," and the only discernable change is the addition of his affirmation on January 16, 2015, after the action was dismissed. (*See* ECF No. 53–2.)[1]

Duncan seeks to amend his pleadings for reasons not encompassed by Rule 15. Duncan does not seek to add new claims or allegations; instead he seeks to add new evidence by correcting his failure to swear to the contents of his various submissions under penalty of perjury. Duncan fails to identify any persuasive authority demonstrating that he may use Rule 15 to add new evidence to the record, much less, to an action that has been dismissed.

---

[1] To the extent he seeks to amend his previously unsworn complaint, Duncan failed to submit his proposed amended complaint with the Rule 15 Motion. When a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981). For this reason alone, the Court denies the Rule 15 Motion to the extent he seeks to amend his complaint.

3

Moreover, even if Duncan's attempt to submit new evidence could be construed as an appropriate "amendment," under Rule 15, the Court finds that Duncan's submission of this evidence after the dismissal of his action is made in bad faith and with undue delay. For the first time at this late juncture, Duncan seeks to correct his failure to swear to his submissions under penalty of perjury. Duncan clearly could have filed these submissions under penalty of perjury prior to the Court's granting of summary judgment. Duncan offers no persuasive explanation for his failure to swear to his submissions. At most, Duncan claims that his failure to swear to his submissions "was an invertent [sic] act." (Mem. Supp. Rule 15 Mot. 1.) The Court finds this argument fails to provide a basis to amend.

Duncan received two separate warnings about the submission of evidence and what constituted evidence. First, in the Court's April 1, 2014 Memorandum Order directing service of Duncan's Complaint, the Court advised Duncan:

> that the Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and that the affiant is competent to testify on the matter stated therein. *See* Fed. R. Civ. P. 56(c)(4).

(ECF No. 22, at 2.) Accompanying their motion for summary judgment, Defendants also issued a *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) warning, reiterating what the Court previously had advised Duncan, and explicitly placing him on notice that he must certify, and swear to under penalty of perjury, the facts in his affidavit or any supporting exhibit. (ECF No. 27, at 2–3.) After receiving these warnings, Duncan could have corrected the deficiency of his Complaint, by submitting an amended complaint that was sworn to under penalty of perjury. Duncan failed to do so. Moreover, Duncan ignored both warnings for his later-filed submissions.

4

In addition, courts "have consistently recognized undue delay as justifying denial of leave to amend . . . particularly where leave to amend is sought to raise new matters after the trial court has ruled on the merits or entered judgment." *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995) (citation omitted). "[W]here the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's ruling," leave to amend should be denied. *Id.* "Further, after summary judgment has been granted, the court has even more reason for refusing to allow amendment. . . . Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of his day in court, in some fashion, on the merits of his claim." *Id.* (citations omitted) (internal quotation marks omitted). As previously discussed, Duncan could have reasonably filed sworn submissions prior to the grant of summary judgment for Defendants. Thus, undue delay also justifies denying leave to amend at this late juncture. *Cf. Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–74 (5th Cir. 1989) (explaining that when the materials relied on for reconsideration "were available to" plaintiff "when she opposed [the] summary judgment motion, and because" she offered no explanation as to her failure to "include the materials with her motion in opposition to summary judgment, . . . her submission of these materials with her motion for reconsideration was untimely"). Accordingly, to the extent Duncan appropriately seeks to "amend" under Rule 15, his motion (ECF No. 50) will be DENIED.

Duncan argues that the Court should grant his Rule 59(e) Motion in order to prevent manifest injustice. (Mem. Supp. Rule 59(e) Mot. 2.)[2] Duncan argues that "[t]here are clear

---

[2] In his Rule 59(e) Motion, Duncan does not explicitly argue that he seeks reconsideration based on new evidence as he argued in his Rule 15 Motion. Even if he had, a "Rule 59(e) motion may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28

deficiencies within the Court[']s order of the facts stated and relied upon in the Court[']s" Memorandum Opinion. (*Id.*) Duncan provides a rambling argument and provides vague excuses for his failure to exhaust his administrative remedies. None of Duncan's arguments alter the Court's conclusion that Duncan failed to exhaust his administrative remedies. First, Duncan contends that "he started his grievance process on 6/21/11" when he filed his emergency grievance. (*Id.*) Duncan argues that after filing his emergency grievance, the nurse classified it as a non-emergency and then an emergency, thereby "circumventing the grievance process." (*Id.* at 3–4.) Duncan claims that an investigator came to see him in the hospital "and plaintiff made known his intent to pursue legal action." (*Id.* at 3.) Duncan also claims that "the emergency grievance [should supersede] the informal process." (*Id.* at 8.) To the extent Duncan argues that by filing an emergency grievance, he should be exempt from the requirements of exhaustion, this argument fails for several reasons.

First, emergency grievances are part of a "separate, expedited process for addressing 'situations or conditions which may subject the [inmate] to immediate risk of serious personal injury or irreparable harm.'" *Anderson v. Brown*, No. 7:14cv00184, 2015 WL 926052, at *3 n.2 (W.D. Va. Mar. 4, 2015) (alteration in original) (quoting Virginia Department of Corrections Operating Procedure § 866.1.VII.)[3] Thus, "[e]mergency grievances 'are not steps to exhaustion under the [VDOC's] exhaustion policy.'" *Id.* (quoting *Crayton v. Fleming*, No. 7:12cv276, 2012

---

(2d ed. 1995))). All of the evidence contained in Duncan's now sworn-to submissions could have been submitted to the Court prior to its grant of summary judgment. Thus, he fails to identify entitlement to Rule 59(e) relief based on new evidence not available at trial. *Clapper v. Chesapeake Conf. of Seventh Day Adventists*, No. 97–2648, 1998 WL 904528, at *5 (4th Cir. Dec. 29, 1998) (citation omitted).

[3] The court vacated this opinion in order to address Anderson's tardy objections. *Anderson v. Brown*, No. 7:14cv00184, 2015 WL 1636746, at *1 (W.D. Va. Apr. 13, 2015). However, after the court considered Anderson's objections, it again adopted the Magistrate Judge's Report and Recommendation in its entirety. *Id.* at *4.

WL 2527843, at *1 n.1 (W.D. Va. June 29, 2012)). Accordingly, an inmate must still complete the Regular Grievance procedure in order to exhaust his available remedies. *Id.* (citation omitted). Second, Duncan also fails to demonstrate that he took any action after filing the emergency grievance. Duncan returned from the hospital on June 24, 2011, however, took no action until he filed an informal complaint on July 12, 2011. As the Court previously explained, "Duncan, through his own dilatoriness, failed to properly exhaust his administrative remedies." *Duncan*, 2015 WL 75256, at *8. Duncan's arguments pertaining to his emergency grievance fail to demonstrate that he exhausted his administrative remedies.

Next, Duncan argues, "the court got it wrong when stating the plaintiff acted in dilatoriness, [ ]where the court states that Duncan 'filled out an Emergency Grievance to try to get some [medical] help.' Thus, Duncan was undisputably aware of the grievance processes evidenced by the utilization of the process." (Rule 59(e) Mot. 7 (alteration in original) (citation omitted).) Duncan claims he only knew to file an emergency grievance because an officer told him to file one. (*Id.* at 8.) Regardless of how Duncan heard about the grievance process, or how much the officer told him when he gave Duncan the form, this fails to alter the Court's conclusion that Duncan knew of the VDOC's grievance process. As previously explained and admitted by Duncan, Duncan filed an emergency grievance; therefore, he knew he possessed the ability to grieve. Moreover, as previously explained, Duncan's purported lack of awareness of the grievance procedures fails to excuse his compliance. *See Duncan*, 2015 WL 75256, at *7 (ciations omitted).

Duncan fails to identify a clear error of law in the Court's decision or any other basis for granting Rule 59(e) relief. Accordingly, Duncan's Rule 59(e) Motion (ECF No. 52) will be

DENIED. Duncan's Motion to Stay the Notice of Appeal (ECF No. 49) will be DENIED AS MOOT.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-11-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge